IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 16-00146-CG |
| | ) | |
| SCHUYLER JARROD MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS in the Indictment in the above-styled case, the United States notified the defendant, **SCHUYLER JARROD MILLER,** that it intended to seek forfeiture of property upon his conviction of one or more violations of Title 21, United States Code, Section 846, in accordance with Section 853;

AND WHEREAS based upon the Indictment, the guilty plea to Count One of the Indictment entered on September 27, 2016, the defendant's agreement in his written Plea Agreement filed on September 26, 2016 (Doc. 54) to confess the forfeiture of all property which represents proceeds of his criminal activities or which facilitated any aspect of those illegal activities, including $1,464.00 in U.S. currency seized at his residence, and his admissions in his Factual Resume specified by the United States in its Motion for Preliminary Order of Forfeiture, the United States has established the requisite nexus between the property and the offense, and that the defendant has an interest in it forfeitable under the applicable forfeiture statute, and for the reasons stated, it is hereby;

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 18, United States Code, Section 2253(a)(3), and Federal Rule of Criminal Procedure 32.2(b), the property identified as follows is hereby forfeited to the United States, for disposition according to law:

> **(1)  $1,464.00 in U.S. currency seized from the defendant's residence during the execution of a search warrant.**

AND WHEREAS, by virtue of the foregoing, the United States is now entitled, pending possible appeal herein, to reduce the said property to its possession and notify any and all potential third parties of this Order who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED**:

That based on the foregoing and Fed. R. Crim. P. 32.2(b), the above-described property is forfeited to and vested in the United States of America for disposition according to law, subject to the provisions of Title 21, United States Code, Section 853(n); and

That the aforementioned property is authorized to be held by the United States Marshals Service or any authorized agent involved in this case to retain in their secure custody and control and dispose of it in accordance with law.

Following issuance of this Order the government must publish notice of it, and send notice to any person who reasonably appears to be a claimant with standing to contest the forfeiture in an ancillary proceeding. Rule 32.2(b)(6)(A) and

(D).   Further, pursuant to the Attorney General's authority to determine the manner of publication of an Order of Forfeiture provided by Title 21, United States Code, Section 853(n)(1), and in accordance with the acceptable means of publication described by Rule 32.2(b)(6)(C), as further described in the provisions of Supplemental Rule of G(4) of the Federal Rules of Civil Procedure, the United States shall publish notice of this order on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

The notice sent and published must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  Rule 32.2(b)(6)(B).  More specifically, said notice shall state that any person, other than the defendant, having or asserting a legal interest in any property ordered forfeited to the United States, may within 30 days of the final date of publication of notice or his receipt of direct written notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of his alleged interest in the property. 21 United States Code, Section 853(n)(1).  It shall further state that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title or interest, and any additional facts supporting the petitioner's claim and the relief sought. *See* 21 United States Code, Section  853(n)(2)-(3).

The petition must be filed with the Clerk of the Court, 113 St. Joseph Street,

Mobile, Alabama 36602 and a copy served upon Assistant United States Attorney, Michele C. O'Brien, 63 South Royal Street, Suite 600, Mobile, Alabama 36602.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third-party petitions.  *See* 21 United States Code, Section 853(n)(7).  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward a digital certified copy of this Order to Assistant U.S. Attorney Michele C. O'Brien, U.S. Attorney's Office, Southern District of Alabama.

**DONE and ORDERED** this 6th day of January, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE